UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

James A. Ferguson,

Petitioner,

vs. REPORT AND RECOMMENDATION

Federal Bureau of
Prisons,

Respondents. Civ. No. 00-1970 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of May, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus. See, Title 28 U.S.C. §2241. The Petitioner has appeared pro se, and the Respondent has appeared by Margaret Burns Magill, Assistant United States Attorney. For reasons which follow, we recommend that the Petition for Habeas Corpus be denied, as moot.

## II. Factual and Procedural History

The Petitioner is presently serving a 123-month Federal prison term, which was imposed by the United States District Court for the Western District of Wisconsin on September 23, 1993. See, Petition

FILED MAY 04 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(16)

for Writ of Habeas Corpus, at 2 ("Petition"). He was sentenced following a conviction for Possession with Intent to Distribute Cocaine, in violation of Title 21 U.S.C. §841(a)(1); for Being a Felon in Possession of a Firearm, in violation of Title 18 U.S.C. §922(g); and for Failure to Appear for Court Ordered Hearing, in violation of Title 18 U.S.C. §3146(a)(1). See, Attachments C and D to Eckhart Declaration. He is currently confined at the Federal Prison Camp in Duluth, Minnesota, and has a projected release date of April 7, 2002, via Good Conduct Release.

In 1995, the Petitioner completed the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"). See, Attachment E to Eckhart Declaration. The RDAP program is provided by the BOP, pursuant to Title 18 U.S.C. §3621(b). According to that Statute, the BOP is directed to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." Title 18 U.S.C. §3621 (b). The program is "a course of individual and group activities provided by a team of drug abuse treatment specialists and the drug abuse treatment coordinator in a treatment unit set apart from the general prison population, lasting a minimum of 500 hours over a six to twelve-month period." 28 C.F.R. §550.56.

In order to give inmates an additional incentive to participate in the RDAP, Congress has authorized the BOP to grant sentence

reductions of up to one year for those who successfully complete the program. This authority comes from Section 3621(e)(2)(B), which provides as follows:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Under BOP Program Statement ("P.S.") 5162.02, the policy regarding eligibility for early release that was in effect at that time the Petitioner completed the RDAP program, the Petitioner was ineligible for a sentence reduction pursuant to Section 3621(e)(2)(B) because his conviction for Being a Felon in Possession of a Firearm was classified by the BOP as a crime of violence. See, Attachment F to Eckhart Declaration. In 1997, the policy of the BOP was modified so that a conviction for Being a Felon in Possession of a Firearm still rendered an inmate ineligible for a sentence reduction, but under a different theory. See, P.S. 5162.04. Since the Petitioner completed his RDAP prior to October 9, 1997, which is the effective date of the new Program Statement, his eligibility for early release is governed by the policy in effect prior to October 9, 1997, or P.S. 5162.02.

On February 18, 1998, the Petitioner was advised that he was eligible for early release under Section 3621(e)(2)(B), due to the

decision of the United States District Court, District of Minnesota's decision in Egan v. Hawk, Civ. No. 4-96-284. See, Attachments I, J, and L to Eckhart Declaration. After reviewing the Petitioner's case again, however, the BOP determined that Egan did not apply, and advised the Petitioner, in August of 2000, that he was ineligible for early release. See, Exhibit N to Eckhart Declaration. The Petitioner then filed this Petition for Habeas Corpus relief, seeking review of his eligibility determination.

On November 17, 2000, the Petitioner filed a Motion for District Court to Take Judicial Notice and Request for an Order for Immediate Release. In support of the Motion, the Petitioner attached the recent Eighth Circuit opinion in King v. Morrison, 231 F.3d 1094 (8th Cir. 2000), which was issued on November 7, 2000. After reviewing the Motion, as well as King v. Morrison, supra, the BOP granted the Petitioner the relief that he seeks in his Petition; namely, the determination that he is eligible for early release under Section 3621(e)(2)(B).[1] As such, the Respondent requested that the Habeas Corpus Petition be dismissed, as it has been mooted by the actions of the BOP. Thereafter, we directed to

---

[1]According to the Respondent, the Petitioner was scheduled for placement in a halfway house on January 9, 2001, and has a projected early release date of July 7, 2001. See, Government's Supplemental Response Concerning Recent Actions by the BOP, at 2, citing Inmate Profile Printout dated January 8, 2001.

the Petitioner to respond to the Respondent's request that his Petition be denied, as moot, by February 5, 2001, if he should choose to do so. See, Ferguson v. Federal Bureau of Prisons, Order, Civ. No. 00-1970 [Docket 15](January 12, 2001). The Petitioner did not file a response.

III. Discussion

A. Standard of Review. Article III of the United States Constitution restricts Federal Courts to the adjudication of actual "cases" and "controversies." The principle of "mootness" is among several doctrines -- such as ripeness, standing, and the involvement of a political question -- which have developed to inform and define the "case or controversy" requirement. See, Allen v. Wright, 468 U.S. 737, 750 (1984); Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir.1994)("Federal courts are courts of limited jurisdiction and can only hear actual 'cases or controversies' as defined under Article III of the Constitution."). As the Supreme Court has frequently explained, if events before or after the initiation of lawsuit have resolved the issues, then a Federal Court decision will not have any effect, thus rendering any decision an impermissible advisory opinion. See, e.g., Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982). This requirement applies to all stages of the litigation, see, Neighborhood Transp.

Network, Inc. v. Pena, supra, and "applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief." Marine Equip. Management Co. v. United States, 4 F.3d 643, 646 (8th Cir.1993).

B. Legal Analysis. Applying the foregoing precepts, we conclude that this case has been rendered "moot" by the actions of the BOP subsequent to the Petition's filing. The crux of the Petitioner's complaint is that the BOP had inappropriately determined him ineligible for a sentence reduction under Section 3621(e)(2)(B). See, Petition at 4. However, as we have already observed, the BOP has reevaluated its eligibility determination with respect to the Petitioner, in light of the decision in King v. Morrison, supra, and has determined that the Petitioner is, in fact, eligible for early release. Accordingly, the Petitioner is projected to be released on July 7, 2001. See, Government's Supplemental Response Concerning Recent Actions by the BOP, at 2, citing Inmate Profile Printout dated January 8, 2001. Therefore, the Petitioner has been granted the relief he sought by the filing of his Petition, and a decision by this Court would have no effect, thereby rendering the case moot. Moreover, the Petitioner has not pointed to any reason why his Petition has not been rendered moot by the BOP's actions,

and we have not found any such reason. Accordingly, we recommend that the Petitioner's Habeas Corpus Petition be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Petition for Writ of Habeas Corpus [Docket No. 1] be denied, as moot.

2. That the Petitioner's Motion for District Court to Take Judicial Notice and Request for Order for Immediate Release [Docket No. 13] be denied, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 21, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture

of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 21, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.